UNITED STATES DISTRICT COURT
MDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIMOTHY P. DINEEN,**

    **Plaintiff,**

v.                                                                                      **Case No.: 8:17-cv-1773-T-27AAS**

**NANCY A. BERRYHILL, Deputy Commissioner for Operations, Social Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Timothy P. Dineen, proceeding pro se, seeks judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB"). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, the pleadings, and memoranda submitted by the parties, the undersigned **RECOMMENDS** the Commissioner's decision be **AFFIRMED**.

**I.     PROCEDURAL HISTORY**

Mr. Dineen applied for DIB alleging disability beginning February 1, 2014.[1] (Tr. 162–63). Disability examiners denied Mr. Dineen's application initially and on reconsideration. (Tr. 66–75, 77–87). The ALJ held a hearing and found Mr. Dineen

---

[1] "[DIB] provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence." *Bruce v. Berryhill*, No. 2:17-cv-56-TFM, 2018 WL 2248452, *2 (M.D. Ala. May 16, 2018) (citing 42 U.S.C. § 423(a)).

not disabled. (Tr. 17–35). The Appeals Council denied Mr. Dineen's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–6). Mr. Dineen now seeks review of the Commissioner's decision in this court. (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Statement of the Case

Mr. Dineen was sixty-two years old at the time of the hearing before the ALJ.[2] (Tr. 162). Mr. Dineen has a post-graduate law degree and past relevant work as an attorney and a project manager for a stock transfer company. (Tr. 34–35, 288). Mr. Dineen alleged that he could not perform any substantial gainful activity beginning February 1, 2014, due to obesity, a history of coronary artery disease with a previous myocardial infarction and stent placement, diabetes with some peripheral neuropathy, status-post kidney cancer requiring nephrectomy for a malignant tumor, hypertension, bursitis of the left shoulder, bursitis of the right hip, bilateral osteoarthritis of the knees, and dysthymic disorder/ major depression. (Tr. 162, 180–87, 196–211, 214–21, 225–36, 248–52, 257–58).

### B.    Summary of the ALJ's Decision

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. § 404.1520(a). First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment

---

[2] At age sixty-two, Mr. Dineen began receiving retirement benefits. (Tr. 39). Thus, the relevant period is from the alleged disability onset date until Mr. Dineen received retirement benefits. (Tr. 162).

2

or combination of impairments that significantly limit his physical or mental ability to do basic work activities, then he has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see also Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines a claimant's residual functional capacity ("RFC"). "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Peeler v. Astrue*, 400 Fed. Appx. 492, 493 n.2 (11th Cir. Oct. 15, 2010). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing his past relevant work or other work in the national economy, then he is disabled. 20 C.F.R. § 404.1520(g).

Here, the ALJ determined Mr. Dineen had not engaged in substantial gainful activity since the alleged disability onset date. (Tr. 22). The ALJ then concluded Mr. Dineen had these severe impairments: obesity; prior history of coronary artery disease with status-post previous myocardial infarction and stent placements; diabetes mellitus with some peripheral neuropathy; and status-post kidney cancer requiring nephrectomy for malignant tumor. (*Id.*). Despite these impairments, the

ALJ found Mr. Dineen had no impairment or combination of impairments that meet or are medically equal to the severity of the Listings. (Tr. 25).

The ALJ found Mr. Dineen had the RFC to perform a modified range of sedentary work as defined in 20 C.F.R. § 404.1567(c),[3] with these limitations:

> [Mr. Dineen] can occasionally climb, balance, stoop, kneel, crouch, and crawl; can never climb ladders, scaffolds, ropes, or at open unprotected heights; can stand and/or walk for one-hour increments, but realistically for a two-to-three hours in an eight hour day; can sit for two-hour increments with usual breaks for a total of eight hours in an eight-hour day; must avoid all industrial vibrations; and must avoid concentrated exposure to extreme heat, cold, wetness, and humidity.

(Tr. 26). Based on these findings and the testimony of a vocational expert ("VE"), the ALJ determined Mr. Dineen could perform his past relevant work as a lawyer and a project manager. (Tr. 29). The ALJ thus concluded Mr. Dineen was not disabled. (*Id.*).

## III.  ANALYSIS

### A.  Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether substantial evidence supports her findings. *Richardson v. Perales*, 402

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* (citation omitted). Instead, the court must view the evidence as a whole, considering evidence that is both favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations) (citation omitted).

### B.    Issues[4]

Mr. Dineen raises these issues on appeal: (1) whether the ALJ properly considered all Mr. Dineen's limitations when reaching his RFC determination, (2)

---

[4] Filings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Even so, "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998); *see also T.R.C. ex rel. Boyd v. Comm'r*, 553 F. App'x 914, 919 (11th Cir. 2014) (noting that the appellant "fail[ed] to develop any arguments demonstrating that the ALJ erred in his conclusions ..."). Mr. Dineen

whether the ALJ properly evaluated Mr. Dineen's mental impairments, and (3) whether the ALJ properly relied on the testimony of the VE and determined Mr. Dineen could perform his past relevant work.[5]

### 1. The ALJ properly considered all Mr. Dineen's limitations when reaching his RFC determination.

Mr. Dineen contends the ALJ erred in failing to properly evaluate his claims of hypertension and arthritis. (Doc. 20, pp. 2–3). In response, the Commissioner argues the ALJ correctly determined Mr. Dineen could perform sedentary work despite his impairments. (Doc. 21, pp. 7–8).

A claimant's RFC is the most a claimant can do in a work setting despite his impairments. *Phillips*, 357 F.3d at 1238. The ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. *Id.* Although no rule requires the ALJ to refer to every piece of evidence in his decision, the ALJ must discuss enough evidence for the reviewing court to conclude the ALJ properly considered the claimant's medical condition. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Here, the ALJ adequately considered the record and substantial evidence supports his RFC determination. Although Mr. Dineen's blood pressure varied, it was often below 140/80. (Tr. 274–80, 598, 771, 777–78). On June 13, 2014, Meredith

---

raised most, if not all, issues in a perfunctory manner. But in an abundance of caution, the undersigned will address the issues raised.

[5] For clarity of analysis, the undersigned combined issues two and three, and issues four and five raised in Mr. Dineen's memoranda.

Mulhearn, M.D., noted Mr. Dineen had an elevated blood pressure with normal pulses and no edema. (Tr. 283–84). On October 3, 2014, Dr. Mulhearn again noted elevated blood pressure at 150/70 and advised an increased medication dosage. (Tr. 398, 401). On November 4, 2014, Mr. Dineen's blood pressure was 132/66. (Tr. 387). On June 30, 2015, Mr. Dineen's blood pressure was 138/60. (Tr. 598). On November 17, 2015, Mr. Dineen denied chest pain, palpitations, or shortness of breath. (Tr. 775). On examination, Mr. Dineen's blood pressure was 128/76. (Tr. 777–78). On February 9, 2016, Mr. Dineen's blood pressure was 136/80. (Tr. 771).

On Mr. Dineen's claims of disabling arthritis, Virginia Byrnes, M.D., a state agency physician, reviewed the medical evidence and concluded Mr. Dineen could perform sedentary work with occasional lifting up to 10 pounds. (Tr. 67–75). Dr. Byrnes also opined Mr. Dineen could occasionally climb ramps/stairs, balance, stoop, kneel, or crouch, but could never climb ladders/ropes/scaffolds or crawl. (Tr. 72–73).

Wayne Draper, M.D., another state agency physician, reviewed the medical evidence and generally agreed with Dr. Byrnes's assessment of Mr. Dineen's limitations. (Tr. 76–88). But Dr. Draper indicated Mr. Dineen could only occasionally push/pull with the legs or feet. (Tr. 83). Darrell Caudill, M.D., a state agency physician, reviewed the medical evidence and concurred with this RFC assessment. (Tr. 409).

On July 13, 2015, Louis Bley, M.D., examined Mr. Dineen and diagnosed right hip bursitis and bilateral knee osteoarthritis. (Tr. 595). Dr. Bley noted crepitus, swelling, and effusion in the knees, and tenderness in the hip. (Tr. 595). But on

November 17, 2015, Mr. Dineen had normal sensation and gait/stance. (Tr. 777–78). Mr. Dineen also reported activities included packing, moving furniture, traveling, and golfing four times per week. (Tr. 282, 399, 598).

The ALJ adequately considered the record and substantial evidence supports his evaluation of Mr. Dineen's limitations and ultimate RFC determination. Thus, the undersigned recommends the court find remand is not required on this issue.

**B.     The ALJ properly evaluated Mr. Dineen's metal impairments.**

Mr. Dineen contends the ALJ erred in evaluating his mental impairments because, according to Mr. Dineen, the ALJ did not fully consider the medical records addressing depression and wrongly rejected the opinion of Robert Daley, Ph.D. (Doc. 20, pp. 3–4). In response, the Commissioner argues the ALJ properly evaluated Mr. Dineen's mental impairments and the opinion from Dr. Daley. (Doc. 21, pp. 8–9).

When evaluating the severity of a mental impairment at each level of the administrative review process, the adjudicator must follow "a special technique." 20 C.F.R. § 404.1520a(a). First, pertinent symptoms, signs, and laboratory findings are evaluated to determine whether a claimant has a medically determinable mental impairment(s). 20 C.F.R. § 404.1520a(b)(1). Second, the adjudicator must evaluate the degree of functional limitation resulting from the impairment, which requires the adjudicator to consider all relevant evidence including "all relevant and available clinical signs and laboratory findings, the effects of [a claimant's] symptoms, and how [a claimant's] functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication, and other treatment." 20

8

C.F.R. § 404.1520a(c)(1). The four broad functional areas to which a rate will be assigned by the adjudicator to articulate the degree of limitation are: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3).

Here, the ALJ applied the "special technique" and found Mr. Dineen's mental impairment of depression did not cause more than mild limitations in Mr. Dineen's ability to perform basic mental work activities and was therefore a non-severe impairment. (Tr. 25). Specifically, the ALJ found Mr. Dineen had no more than mild limitations in the first three functional areas and no episodes of decompensation which have been of extended duration in the fourth area. (*Id.*).

Mr. Dineen argues the ALJ erroneously stated that "[t]he record contains only minimal evidence of mental health treatment," then cites fifty-four pages of treatment notes provided by Kathleen Dempsey, M.D. (Doc. 20, p. 3). Contrary to Mr. Dineen's assertion, the ALJ properly considered Dr. Dempsey's medical records, and the other medical evidence of record. (*See* Tr. 22–25).

Mr. Dineen also argues the ALJ failed to adequately consider Dr. Daley's statements that Mr. Dineen could not sustain productive work and could not engage in productive employment. While the ALJ uses a physician's opinion to address certain issues some issues are reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(2). Although a physician's opinion on RFC and disabling symptoms is relevant evidence and will be considered, it is not dispositive. *See Bell v. Bowen*, 796

F.2d 1350, 1354 (11th Cir. 1986).  To the extent Dr. Daley opines Mr. Dineen cannot work or has disabling limitations, such opinions are reserved for the Commissioner.

The ALJ also noted that Dr. Daley's opinion contradicted the other evidence of record.  For example, Robert Mulally, Ph.D., noted Mr. Dineen had good social and interactive skills, no symptoms of depression, and no deficits in concentration, focus, or attention.  (Tr. 381–83).  Dr. Daley's limitations also contradict the assessments from Susan Witkie, M.D., Nancy Keuthen, Ph. D., and Catherine Blusiewic, Ph.D. (*See* Tr. 69–71, 80–82, 410–11).

The ALJ properly considered Dr. Daley's opinion, and the other evidence of record, in concluding Mr. Dineen's depression did not cause more than mild limitation to his ability to perform basic mental work activities and was therefore a non-severe impairment.  Thus, the undersigned recommends the court find remand is not required on this issue.

    **C.    The ALJ properly relied on the testimony of the VE and determined Mr. Dineen could perform his past relevant work.**

Mr. Dineen contends the ALJ erred in relying on the VE's testimony because, according to Mr. Dineen, the ALJ mischaracterized the VE's testimony and did not allow the VE to testify about "life stressors." (Doc. 20, p. 4).  In response, the Commissioner argues the ALJ properly relied on the VE's testimony in concluding Mr. Dineen could perform his past relevant work. (Doc. 21, pp. 9–10).

An ALJ poses a hypothetical question to a VE as part of the step-five determination of whether the claimant can obtain work in the national economy. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).  The ALJ may rely on a

VE's testimony in determining at step four whether an individual can perform any past relevant work. 20 C.F.R. § 404.1560(b)(2).

Mr. Dineen offers no support for the arguments that the ALJ mischaracterized the VE's testimony and did not allow the VE to testify about "life stressors." The ALJ properly determined Mr. Dineen retained the RFC to perform a modified range of sedentary work and posed a hypothetical question to the VE incorporating Mr. Dineen's RFC. (Tr. 59–63). The ALJ then properly relied on the VE's testimony that Mr. Dineen could perform his past relevant work as an attorney or project manager.[6] Thus, the undersigned recommends the court find there was no error in the ALJ's reliance on the VE's testimony.

## V. CONCLUSION

The decision of the Commissioner is supported by substantial evidence and does not contain reversible error. And upon consideration, it is **RECOMMENDED** that:

(1) The Commissioner's decision be **AFFIRMED** and the case be **DISMISSED**, with each party bearing its own costs and expenses; and

(2) The Clerk of Court enter final judgment in the Commissioner's favor consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[6] The claimant bears the burden of proving that he could not perform his past relevant work. *See Macia v. Bowen*, 829 F.2d 1009 (11th Cir. 1987).

**ENTERED** in Tampa, Florida on December 28, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:

Pro se Plaintiff